## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| Daniel Digiovacchino, | Civil Action No. |
| Plaintiff, | |
| – against– | **COMPLAINT** |
| Chase Bank USA, N.A., Experian Information Solutions, Inc. and Trans Union LLC, | |
| Defendant(s). | |

## COMPLAINT

Plaintiff, Daniel Digiovacchino (hereinafter "Plaintiff"), by and through his attorneys, Garibian Law Offices, P.C., by way of Complaint against Defendants, Chase Bank USA, N.A. ("Chase"), Experian Information Solutions, Inc. ("Experian"), and Trans Union LLC ("Transunion"), alleges as follows:

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices. The FCRA prohibits furnishers of credit information to falsely and inaccurately report consumers' credit information to credit reporting agencies.

## PARTIES

2.  Plaintiff, Daniel Digiovacchino, is an adult citizen of the state of New Jersey domiciled in Vineland, NJ.

3.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

4.  Defendant Chase is a corporation business entity organized and existing under the laws of the state of Delaware that furnishes consumer credit information to consumer reporting agencies. It has a principal place of business located at 201 North Walnut Street, Wilmington, DE 19801.

5.  Defendant Experian is a corporation organized and existing under the laws of the state of Ohio that engages in the business of maintaining and reporting consumer credit information. It has a principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626.

6.  Defendant Transunion is a limited liability company organized and existing under the laws of the state of Delaware that engages in the business of maintaining and reporting consumer credit information. It has a principal place of business located at 555 W. Adams, Chicago, IL 60661.

## JURISDICTION AND VENUE

7.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action are defined by 15 U.S.C. § 1681 and pursuant to 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States district court, without regard to the amount in controversy.

2

8. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Delaware.

## FACTUAL ALLEGATIONS

9. Defendant Chase issued two credit card accounts ending in 9559 and 9824 to Plaintiff. These accounts were routinely reported on Plaintiff's consumer credit report.

10. The consumer report at issue is a written communication of information concerning Plaintiff's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing a consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

11. On or about November 12, 2014, Chase issued two Form 1099-C's, one discharging $6,829.22 on Plaintiff's Chase account ending in 9559 and another discharging $5,482.74 on Plaintiff's Chase account ending in 9824. Copies of the 1099-Cs are attached hereto as Exhibit A.

12. However, nearly two years later, both of Plaintiff's Chase accounts are still being negatively reported.

13. Specifically, as demonstrated on a credit report dated April 15, 2016, the Chase account ending in 9559 was reported with a status of "CHARGE OFF," a balance of $7,652.00, and a past due balance of $7,652.00. In additional, the Chase account ending in 9824 was reported with a status of "CHARGE OFF,"

3

a balance of $6,310.00, and a past due balance of $6,310.00. The relevant portion of Plaintiff's April 2016 credit report is attached herein as Exhibit B.

14. As evidenced by the attached 1099-C for each of the aforementioned Chase accounts, both debts were discharged, have a balance of $0 and should be reported as such. Accordingly, these trade lines were inaccurately reported..

15. Plaintiff notified Defendants directly of the dispute regarding the Chase accounts' completeness and/or accuracy. This letter and the certified mail receipts are attached herein as Exhibit C.

16. Accordingly, Plaintiff disputed the accuracy of the derogatory information reported by Chase to the Consumer Reporting Agencies, Experian and Transunion, via certified mail in accordance with  15 U.S.C. § 1681i of the FCRA.

17. On July 5, 2016, Plaintiff requested an updated credit report for review.  The trade lines for the Chase accounts in question remained the same as they were reported on the April 2016 credit report.  Thus, Chase failed to correct the aforementioned inaccuracies. The July 2016 credit report is attached herein as Exhibit D.

18. Either Experian and Transunion did not notify Chase of the dispute by Plaintiff in accordance with the FCRA, or they did notify Chase and Chase failed to properly investigate and delete the trade line or properly update the trade line on Plaintiff's credit reports.

4

19. If Chase did perform a reasonable investigation of Plaintiff's dispute, Plaintiff's Chase accounts would have been updated to reflect that the debts were discharged and have a $0 balance.

20. Despite Chase's promise in its subscriber agreements and contracts to accurately update accounts, Chase has willfully, maliciously, recklessly, wantonly, and/or negligently failed to do so, and failed to adhere to the requirements set forth under the FCRA. Chase's actions have resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

21. Defendants failed to properly maintain or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, concerning the account in question, thus violating the FCRA. These violations occurred before, during, and after the dispute process began with Experian and Transunion.

22. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

23. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## CLAIM FOR RELIEF

24. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

25. Experian is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(e).

26. Transunion is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(e).

27. Chase is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

28. Chase is reporting inaccurate credit information concerning Plaintiff to one or more credit bureaus as defined by 15 U.S.C. § 1681a of the FCRA.

29. Plaintiff notified Defendants directly of a dispute on the account's completeness and/or accuracy, as reported.

30. Chase failed to promptly modify the inaccurate information on Plaintiff's credit report in violation of 15 U.S.C. § 1681s-2(b).

31. Chase failed to update Plaintiff's credit report and/or notify the credit bureaus that the Chase account in question was disputed in violation of 15 U.S.C. § 1681s-2(b).

32. Defendants failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff within the 30 day statutory period as required by 15 U.S.C. § 1681s-2(b).

33. Experian and Transunion failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes.

34. Experian and Transunion failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b).

35. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

**WHEREFORE**, Plaintiff demands that judgment in the sum of $55,000.00 be entered against Defendants as follows:

1. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

2. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

3. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

4. That the Court grant such other and further relief as may be just and proper.

Respectfully Submitted,

**GARIBIAN LAW OFFICES, P.C.**

/s/ Antranig Garibian
Antranig Garibian, Esquire (Bar No. 4962)
1010 N. Bancroft Parkway, Suite 22
Wilmington, DE 19805
(302) 722-6885
ag@garibianlaw.com
*Counsel for Plaintiff*

7